NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>DEL MONTE FOODS CORPORATION II INC. et al.,<br><br>     Debtors. | Bankruptcy Action No. 25-16984 (MBK) |
| AD HOC GROUP OF MINORITY SECURED LENDERS,<br><br>     Appellants,<br><br>        v.<br><br>DEL MONTE FOODS CORPORATION et al.,<br><br>     Appellees. | Civil Action No. 26-6259 (RK)<br><br>**MEMORANDUM ORDER** |

**KIRSCH, District Judge**

**THIS MATTER** comes before the Court upon the Emergency Motion for a Temporary Administrative Stay and to Stay the Bankruptcy Court's Order Confirming Debtors' First Amended Joint Chapter 11 Plan of Reorganization Pending Appeal, ("Motion," ECF Nos. 3, 3-1), filed by Appellants the Ad Hoc Group of Minority Secured Lenders ("Appellants" or the "Minority Ad Hoc Group"). After the Court set an expedited briefing schedule on the Motion, (ECF No. 7), Debtors-Appellees Del Monte Foods Corporation II Inc. et al. ("Debtors-Appellees" or "Del Monte") filed an opposition, (ECF No. 30), Appellees the Ad Hoc Super-Senior Term Lender Group (the "Majority Ad Hoc Group") and the Official Committee of Unsecured Creditors (the "Committee") filed joinders in support of Del Monte's opposition, (ECF Nos. 31, 32), and

Appellants replied (ECF No. 53). The parties have represented that the Plan will begin to be consummated tomorrow, June 12, 2026, and accordingly, the Court issues this ruling in advance of the same. *See infra* note 3. The Court has carefully considered the parties' submissions and resolves the matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. *See also* L. Civ. R. 601.1(c) (providing that the District's Local Civil Rules apply to bankruptcy appeals before the District Court). For the reasons below, Appellants' Motion is **DENIED**.[1]

## I.    BACKGROUND

On July 1, 2025, Del Monte filed for Chapter 11 Bankruptcy. (Bankr. ECF No. 1.)[2] The bankruptcy proceedings that followed involved "extensive litigation, difficult negotiations, complicated financing and sale issues, and competing stakeholder interests." ("Confirmation Ruling Tr.," ECF No. 3-8 at 27.) To illustrate the point, the Honorable Michael B. Kaplan, U.S.B.J., held three days of evidentiary hearings and reviewed hundreds of pages of briefing to assess a settlement agreement regarding certain pre-bankruptcy transactions involving Appellees and potential arising claims. (Bankr. ECF Nos. 954, 1046, 1048, 1083, 1143, 1144, 1182.) In February 2026, Judge Kaplan issued a thorough and rather lengthy bench ruling approving that settlement over Apellants' objections, which Appellants have appealed in a separate proceeding pending before this Court. (*See* Bankr. ECF No. 1182 at 9–42); *In re Del Monte*, No. 26-2379 (D.N.J. filed Mar. 6, 2026), ECF No. 1.

---

[1] Following a June 10, 2026 teleconference with the parties, (ECF Nos. 47, 54), the Court received a June 11, 2026 letter memorializing recent communications between counsel, (ECF No. 55). The letter advised that, while the parties remain open to mediating their outstanding disputes before this Court, they nonetheless maintained contrary positions as to the present Motion to Stay. (*Id.*); *see* Case Nos. 26-2379, 26-6256, 26-6259. The Court accordingly issues this ruling on the Motion.

[2] Citations to "ECF No. __" refer to docket entries in this Bankruptcy Appeal (No. 26-6259) and citations to "Bankr. ECF No. __" refer to docket entries in the underlying Bankruptcy Court case (No. 25-16984).

The end to these extensive proceedings is now in sight—sans any appellate proceedings. Last month, after an all-day evidentiary hearing (spanning well over 200 transcript pages), (ECF No. 3-7), Judge Kaplan issued a 30-page bench ruling and 66-page order confirming Del Monte's Chapter 11 Plan (the "Plan") over Appellants' objections to the same, ("Confirmation Order," ECF No. 3-9; *see also* Confirmation Ruling Tr.).

The Minority Ad Hoc Group appealed the Confirmation Order to this Court, (ECF No. 1), and moved in the Bankruptcy Court for a stay of the Confirmation Order pending this appeal, (Bankr. ECF No. 1602); *see* Fed. R. Bankr. P. 8007(a)(1)(A). After the emergency motion was fully briefed, (Bankr. ECF Nos. 1617, 1618, 1619), Judge Kaplan held yet another lengthy hearing and, in a thorough and well-reasoned bench ruling, denied Appellants' stay request, ("Stay Hearing Tr.," ECF No. 3-10; "Order Denying Stay," ECF No. 3-11).[3]

Two days later, on June 4, 2026, the Minority Ad Hoc Group filed the instant emergency Motion before this Court, seeking a stay of the Confirmation Order pending appeal. (Motion); *see* Fed. R. Bankr. P. 8007(b); *see also supra* note 3 (explaining that the automatic stay expires on June 10, 2026, and the uncontested "earliest date" that Plan consummation will begin is June 12, 2026). Appellees each oppose the pending Motion. (ECF Nos. 30, 31, 32.)[4]

---

[3] Judge Kaplan denied Appellants' motion to stay Plan confirmation pending this appeal but granted in part their alternative request to slightly extend the automatic administrative stay of Plan confirmation by five days to give the parties and this Court additional time to adjudicate Appellants' stay request. (Stay Hearing Tr. at 34, 63; *see* Bankr. ECF No. 1602-1 at 29); *see also* Fed. R. Bankr. P. 3020(e) (providing that confirmation orders are automatically stayed for 14 days after entry). The extended Rule 3020(e) stay expired on June 10, 2026, (Stay Hearing Tr. at 63), and "the earliest date on which the chapter 11 plan will become effective is June 12, 2026," (ECF No. 4 at 1; *see* ECF No. 30 at 4; ECF No. 55 at 1). The parties briefed the pending Motion accordingly. (ECF No. 7.)

[4] On June 9, Appellants also filed a brief Motion to Expedite this appeal "[i]f a stay is not issued" and "[f]or substantially the reasons presented in Appellants' Motion for a Stay." (ECF No. 48 at 2.) That Motion is not yet briefed and the Court will address it in due course.

3

## II.    LEGAL STANDARD

A stay pending appeal pursuant to Federal Rule of Bankruptcy Procedure 8007(b) is "an extraordinary remedy." *Deshmukh v. U.S. Tr. Off.*, No. 25-4017, 2025 WL 2663696, at \*5 (D.N.J. Sept. 17, 2025) (internal quotation marks omitted). Such a stay "is not a matter of right" but an "exercise of judicial discretion" that "depend[s] upon the circumstances of the particular case." *Nken v. Holder*, 556 U.S. 418, 433 (2009) (quoting *Virginian Ry. Co. v. United States*, 272 U.S. 658, 672–73 (1926)). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Id.* at 433–34.

The relevant stay factors echo those that govern requests for preliminary injunctive relief. *See In re Revel AC, Inc.*, 802 F.3d 558, 568 (3d Cir. 2015) (citing *Nken*, 556 U.S. at 434). The Court considers "(1) whether the stay applicant has made a strong showing that it is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id.* (cleaned up) (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). "The moving party must 'show satisfactory evidence on all four criteria.'" *In re W.R. Grace & Co.*, 475 B.R. 34, 206 (D. Del. 2012) (quoting *In re Turner*, 207 B.R. 373, 375 (B.A.P. 2d Cir. 1997)). "This is a 'heavy burden,' not easily met." *NLRB v. 710 Long Ridge Rd. Operating Co. II, LLC*, No. 14-1542, 2014 WL 1155539, at \*1 (D.N.J. Mar. 21, 2014) (citing *In re Gen. Motors Corp.*, 409 B.R. 24, 30 (Bankr. S.D.N.Y. 2009)). The first two factors are the "most critical." *Revel*, 802 F.3d at 570. If the movant fails to show either of the first two factors, "the stay should be denied without further analysis." *Id.* at 571.

4

## III.    DISCUSSION

As an initial matter, the Court notes that "a finding that the [movant] is likely to succeed on the merits is necessarily tempered by the extensive factual findings of the Bankruptcy Court, which will be reviewed only for clear error on appeal." *NLRB*, 2014 WL 1155539, at \*4; (*see* ECF No. 30 at 9–10 (arguing that each of Appellants' objections to the Plan implicates factual findings by the Bankruptcy Court)); *see also In re Hanjing Shipping Co.*, No. 16-27041, 2016 WL 6681169, at \*1 (D.N.J. Sept. 16, 2016) ("As to likelihood of success, I note that the Bankruptcy Court's decision . . . is a reasoned and well-considered one, entered after a hearing."). In this appeal of the Bankruptcy Court's order confirming the Chapter 11 Plan of reorganization, the Court will review findings of fact for clear error and conclusions of law *de novo*. *NLRB*, 2014 WL 1155539, at \*4. While of course the Court will thoroughly examine and assess Appellants' legal and factual contentions after full briefing, at this juncture and under this standard of review, the Court is skeptical of Appellants' likelihood of success on the merits. This is particularly so where Appellants contend that the unsettled law governing their objections to the Plan supports their likelihood of success. (Motion at 11–12.) Judge Kaplan repeatedly rejected such framing by Appellants, reasoning that the governing law is "well developed" and that "[t]he Minority Group's disagreement with the Court's application of settled law" does not make the law itself any less well settled. (Stay Hearing Tr. at 59.) Appellants likewise undermine their own position that the relevant law is unsettled by arguing throughout their Motion that the Plan "violates . . . basic bankruptcy principles." (Motion at 13.)

The Court need not wade further into the merits at this early juncture and declines Appellants' invitation to do so. Appellants plainly fail to satisfy the second "critical" factor of demonstrating irreparable injury absent a stay, and this dooms their motion. *Revel*, 802 F.3d at

570–71. Appellants assert that the only irreparable injury they face is the risk of equitable mootness—that, without a stay, "the Plan is likely to be quickly 'substantially consummated,' imposing on Appellants a significant risk that the pending appeal of the Settlement Order, as well as the present Appeal, may be subject to 'equitable mootness.'" (Motion at 18–20.) However, "the risk of equitable mootness by itself is insufficient to demonstrate irreparable injury for purposes of a stay." *In re W.R. Grace*, 475 B.R. at 206 (collecting cases); *see In re Diocese of Camden*, No. 20-21257, 2024 WL 1756015, at *4 (Bankr. D.N.J. Apr. 23, 2024) ("[T]he majority view holds that 'risk of mootness,' standing alone, does not constitute irreparable harm, and the Third Circuit has already ruled on this issue." (collecting cases)). "Indeed, if equitable mootness alone could serve as the basis of irreparable injury, a stay would be issued in every case of this nature pending appeal." *In re W.R. Grace*, 475 B.R. at 207.

Moreover, Appellants' alleged injury is, at bottom, economic: the money distributions they say they should get in the bankruptcy proceedings. (Motion at 13–15.) Economic loss does not qualify as irreparable harm absent "exceptional circumstances." *Hadeed v. Advanced Vascular Res. of Johnstown, LLC*, No. 15-22, 2016 WL 7176658, at *3 (W.D. Pa. Dec. 8, 2016) (citing *Minard Run Oil Co. v. U.S. Forest Serv.*, 670 F.3d 236, 255 (3d Cir. 2011)). An "irreparable" injury is one that cannot be redressed in the ordinary course of litigation; where "money damages will fully compensate" a party for its asserted injury, the extraordinary and emergent relief of a stay is not warranted. *Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 801 (3d Cir. 1989); *Revel*, 802 F.3d at 571 (quoting *Sampson v. Murray*, 415 U.S. 61, 90 (1974)). Appellants themselves acknowledge the possibility of future adequate or corrective relief, stating in their Motion that, "if Appellants are successful on Appeal, the Debtors may be required to claw back distributions." (Motion at 7; *see also* Stay Hearing Tr. at 61 ("The Minority Group itself

6

acknowledges that if it ultimately prevails distributions may be adjusted or recovered.").) Appellants make no argument to suggest the exception to the general rule applies here. *See Revel*, 802 F.3d at 572 (explaining that "a purely economic injury, compensable in money, cannot satisfy the irreparable injury requirement" unless "the potential economic loss is so great as to threaten the existence of the movant's business").

Because Appellants fail to make the requisite showing of irreparable harm, "the stay should be denied without further analysis." *Id.* at 571 (quoting *In re Forty-Eight Insulations, Inc.*, 115 F.3d 1294, 1301 (7th Cir. 1997)).[5]

Finally, even if Appellants could satisfy both threshold factors, the Court would find that the final two factors—substantial injury of a stay to other interested parties and the public interest—weigh against a stay. As Judge Kaplan explained, "[H]undreds of creditors are awaiting distribution under the plan. A stay would postpone these distributions for an uncertain period of time." (Stay Hearing Tr. at 62.) Likewise, "[t]he public interest is best served by permitting the

---

[5] The Court herein reaches the same conclusion as the Bankruptcy Court with respect to the irreparable injury prong. (*See* Stay Hearing Tr. at 60–61 (concluding that the Minority Ad Hoc Group failed to establish irreparable injury because neither the risk of equitable mootness nor purely economic loss suffices under this factor).) Despite having the benefit of the Bankruptcy Court's ruling, Appellants again failed to identify any other irreparable harm they face absent a stay.

Appellants' only response to this fatal flaw is that, "[e]ven if the Court declined to find that the irreparable harm factor is satisfied by the risk of equitable mootness alone, the *Revel* test is still satisfied" because "courts *must* consider the threat of equitable mootness" and "a strong showing of likelihood of success can compensate when other factors are not independently satisfied." (Motion at 20 n.3.) The sole case Appellants cite in support of this proposition speaks for itself with respect to what the Court "must" consider: "Certainly the fact that the decision on the stay may be dispositive of the appeal in some cases is a factor that an appellate court must consider, but that alone does not justify pretermitting an examination of the nature of the irreparable injury alleged and the particular harm that will befall the appellant should the stay not be granted." *Rep. of Phil. v. Westinghouse Elec. Corp.*, 949 F.2d 653, 658 (3d Cir. 1991). Furthermore, the Third Circuit has made clear that the first two factors are "both . . . necessary." *Revel*, 802 F.3d at 568. A sufficiently strong showing as to likelihood of success or irreparable harm may justify a stay even if a movant's showing on *the final two* factors is "lacking," but a stay should be denied if a party fails to show either of the first two threshold factors. *Baxter v. Wexford Healthcare*, No. 16-291, 2017 WL 8941216, at *2 (W.D. Pa. Feb. 22, 2017), *report and recommendation adopted*, 2017 WL 2772333 (W.D. Pa. June 27, 2017); *Neo Gen Screening, Inc. v. TeleChem Int'l, Inc.*, 69 F. App'x 550, 554 (3d Cir. 2003).

7

orderly administration and conclusion of these chapter 11[] [cases]." (*Id.*) The Plan "received overwhelming creditor support" and "is the product of extensive negotiations, mediation efforts, litigation, and creditor participation. . . . Granting a stay under these circumstances would delay implementation of a confirmed plan supported by the vast majority of the stakeholders based upon objections advanced by a limited constituency whose arguments have already been fully litigated." (*Id.*) The Court agrees with and incorporates this sound reasoning, which finds support in decisions by courts throughout this Circuit. *See In re G-I Holdings Inc.*, 420 B.R. 216, 283 (D.N.J. 2009) ("By granting a stay pending appeal, this Court would risk the failure of a reorganization effort that is the result of hard-fought negotiation among a myriad of interested parties and that fulfills the fundamental purposes of chapter 11."); *In re W.R. Grace*, 475 B.R. at 208 ("Public policy weighs in favor of facilitating quick and successful reorganizations of financially troubled companies."); *NLRB*, 2014 WL 1155539, at *2, *4 (collecting cases finding substantial harm to debtors caused by staying Plan confirmation and reasoning that, "[w]hen combined with the inherent public interest in the proper and expedient application of Bankruptcy law, the public interest favors the denial of the stay"). For the foregoing reasons, Appellants' Motion is **DENIED**.[6]

---

[6] The Court **DENIES** as moot Appellants' alternative request for an administrative stay through July 1, 2026 "to give the Court adequate time to consider the merits of [their] stay request." (ECF No. 5 at 1 (emphasis omitted); Motion at 2.) The Court needs no additional time to consider the Motion. The Court also notes that, according to Appellees, such a stay "would cause the exact same potential harm as a full-blown stay pending appeal" and "puts the Debtors' Plan and Chapter 11 Cases at risk," (ECF No. 30 at 23). The debtor-in-possession ("DIP") loans undergirding the Plan apparently mature and become immediately due and payable on June 30, 2026, (*id.* at 19, 23), and "a condition precedent to the Plan going effective is that the Debtors are not in default on the DIP Credit Agreements," (ECF No. 31 at 4). Although Judge Kaplan declined to make factual findings regarding "the likelihood of future enforcement action by the DIP lenders," he concluded that "the possibility of disruption to the wind down process" and its attendant delays and expense also "weigh[ed] against the issuance of a stay." (Stay Hearing Tr. at 61–62.)

**THEREFORE**, it is on this 11th day of June, 2026,

**ORDERED** that Appellants' Emergency Motion for a Temporary Administrative Stay and to Stay Order Confirming Debtors' First Amended Joint Chapter 11 Plan of Reorganization Pending Appeal (ECF No. 3) is **DENIED**, and it is further

**ORDERED** that the Clerk of the Court **TERMINATE** the Motion pending at ECF No. 3.

**ROBERT KIRSCH**
**UNITED STATES DISTRICT JUDGE**